UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-108 SI |
| Plaintiff, | ) ) | [~~PROPOSED~~] ORDER OF DETENTION |
| v. | ) ) | |
| MARTHA SANTIAGO, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

This matter came before the Court on March 18, 2011, for a detention hearing. Defendant Martha Santiago was present in custody and represented by attorney Erick Guzman. Assistant U.S. Attorney Christine Wong appeared on behalf of the United States.

Pretrial Services submitted a report that recommended release on an unsecured bond, to be co-signed by two sureties, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will

reasonably assure the safety of the community.  Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

## II. RELEVANT LEGAL STANDARD

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, governs pretrial detention of criminal defendants.  Under the procedures set forth in 18 U.S.C. § 3142, pretrial detention is appropriate when a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e).  In cases involving narcotics offenses where the maximum term of imprisonment is ten years or more, it is presumed that there are no conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e).   The defendant has the burden of producing or proffering evidence to rebut the presumption.  United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988).

If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified several relevant statutory factors in determining whether pretrial detention is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); United States v. Winsor, 785 F.2d 755 (9th Cir. 1986); Motamedi, 767 F.2d at 1407.

## III. ANALYSIS AND FINDINGS

The Defendant here offered little evidence to rebut the presumption.  With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of serious criminal activity arising from two separate incidents.  As an initial matter, the Defendant was on probation, subject to court supervision, at the time of both incidents.  The Government

proffered that on May 26, 2010, officers with the San Francisco Police Department searched an apartment at which the Defendant was staying.  In a bedroom that contained indicia for the Defendant, the officers found a plethora of identity theft materials, including seven credit cards in various people's names, three California driver licenses in various people's names, checkbooks in another person's name, a credit card embosser with four blank credit cards, an encoder with several plastic DMV covers, 12 pages of computer print outs with hundreds of individual credit card accounts and other personally identifying information (totaling approximately 430 account numbers).  While the investigation from that arrest was pending, on January 4, 2011, the Defendant was arrested for possessing methamphetamine with intent to distribute as well as also possessing numerous identity theft items.  Specifically, SFPD officers searched a home at which the Defendant was staying and found the following, among other things: one embosser, one re-encoder, ten blank plastic cards, 54 genuine credit cards/gift cards, 12 altered (re-encoded or re-embossed) credit cards, 21 driver licenses, and 592 account numbers or profiles found in various forms, including customer information from a hotel, receipts from various businesses, and printouts of credit card dumps.  In the bedroom where the Defendant was found, the SFPD officers also found a bag containing the Defendant's driver license.  In that bag, the officers also found a notebook with handwritten notations that appear to be drug ledgers ,as well as notes on how to make fake credit cards and reminders to clean up incriminating evidence.  Next to the bed where the Defendant was sleeping, the officers found a methamphetamine pipe and a cell phone.  The cell phone contained text messages addressed to the Defendant that were indicative of drug dealing.  There was also a gun on the floor of the bedroom.

       The second factor, the weight of the evidence, is considered the least important.  The Bail Reform Act neither requires nor permits a pretrial determination of guilt.  *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991).  However, the weight of the evidence appears strong here and is relevant "in terms of the likelihood that the person will fail to appear or will pose a danger to the community."  *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).  The Court refers to the above factual proffer from the Government regarding the May 2010 arrest and January 2011 arrest of the Defendant.

ORDER OF DETENTION
No. CR 11-108 SI                             3

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Defendant was on probation at the time of both incidents, and thus, has demonstrated a refusal to abide to conditions of release.

## IV. FINDINGS AND ORDER

Accordingly, the Court finds that the Defendant has failed to rebut the presumption of detention, that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. The Court reaches this conclusion based on the Defendant's conduct in the instant case and her failure to comply with supervision by committing additional crimes while on probation. Therefore, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with her counsel; and

(3) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

March 22, 2011

HON. JO
UNITED STATES MAGISTRATE JUDGE

Judge Joseph C. Spero